## SUFFOLK COUNTY.

### HENRY D. SEDGWICK *vs.* WILLIAM MINOT, JR.

A devise is void which gives to heirs at law of a deceased child of the testator the same estate which they would be entitled to as heirs of the testator, by right of representation of their parent; and they will take by inheritance, and not under the will.

If persons take an estate by inheritance from a more remote ancestor, by right of representation of a nearer ancestor, they cannot be regarded as taking it by inheritance from the latter, within the meaning of Gen. Sts. *c.* 91, § 1, *cl.* 6.

CONTRACT brought by the executor of the will of Alexander Watts, to recover one half of the amount of certain rents collected by the defendant, upon the following facts, which were agreed :

Jane Sedgwick, late of Stockbridge, in the county of Berkshire, died a widow in the year 1859, leaving a last will and testament, which was duly proved and allowed in June 1859, by which she gave one undivided third of her estate to William Minot, Jr., of Boston, in trust for the benefit of her daughter Frances, in the following words, viz : " Two undivided third parts of all my estate, I give, devise and bequeath unto William Minot, Jr., of Boston, in the county of Suffolk, his heirs and assigns forever, in trust, to take the rents and profits of the said estates, keep the same in repairs, and the balance of such income he shall dispose of as follows : To pay one equal share thereof to my daughter Jane Sedgwick, and one equal share to my daughter Frances Sedgwick, the payment to my daughters to be made on their separate personal receipt without the control or interference of their husbands, in case they marry, and without liability to the debts of such husbands during the natural lives of my said daughters. And upon the decease of my said daughters, or either of them, said trustees shall convey in fee simple their share or shares of such real estate, and also shall convey the share of such personal estate, to such person or persons as my said daughters shall respectively appoint to receive the same, by any instrument of appointment in the nature

of a last will and testament; and in default of such appoint-
ment or devise, to the heirs at law of such daughters respec-
tively."

In the year 1849, Frances Sedgwick, one of the daughters of
the testatrix, intermarried with Alexander Watts of said Stock-
bridge, and afterwards died in the lifetime of her mother, in-
testate, leaving two minor children, viz: Alexander Watts, Jr.,
and Henry S. Watts; her husband also surviving her. In July
1860, Alexander Watts, Jr. died, leaving his father and his
brother surviving him. In November 1860, the father also died,
leaving a last will and testament, which was duly proved and
allowed in New York, and the plaintiff was duly qualified as
his executor in New York and in this commonwealth. Soon
after the probate of the will of said Jane Sedgwick, to wit, on
the first day of September 1859, said William Minot, Jr., as
trustee for the benefit of said Frances Watts under said will,
executed a conveyance to said minors, Alexander Watts, and
Henry S. Watts, of one undivided third part of the title and
interest of the testatrix, in certain real estate situate in Court
Street and Spring Lane in said Boston. In December 1859, said
William Minot, Jr. was appointed to be the guardian of Henry
S. Watts, and as such guardian has collected and now holds the
rents of the undivided third of the estates in Court Street and
Spring Lane. The defendant in this suit claims to hold these
rents as property of the said minor, and the plaintiff claims as
executor of Alexander Watts, the father, that he is entitled to
the half of the same.

If the share in said estates, of which Alexander Watts, Jr. died
seised, went by inheritance to his surviving brother, Henry
S. Watts, then it was agreed that the plaintiff should be non-
suited; but if said share descended to his father, Alexander
Watts, then that judgment should be entered for the plaintiff,
for $100.

Upon these facts, judgment was rendered in the superior court
for the plaintiff, and the defendant appealed to this court.

*E. Bangs*, for the plaintiff.

*W. Minot, Jr. pro se.*

HOAR, J. Alexander Watts, Jr. having died without issue, his estate, by Gen. Sts. *c.* 91, § 1, *cl.* 2, would descend to his father, unless the provision in *cl.* 6 of the same section is applicable to the case. That clause is as follows : " If a person dies leaving several children, or leaving one child and the issue of one or more others, and any such surviving child dies under age and not having been married, all the estate that came to the deceased child by inheritance from such deceased parent, shall descend in equal shares to the other children of the same parent, and to the issue of any such other children who have died, by right of representation." Alexander Watts, Jr. died under age and not having been married ; and the remaining questions, therefore, are, whether the estate came to him by inheritance from his mother ; or if not, and it came to him directly from his grandmother, whether he took it as a purchaser under her will or by inheritance from her.

The case of *Hubbard* v. *Rawson*, 4 Gray, 242, is the authority upon which the plaintiff relies to show that the devise to Mrs. Watts was of an equitable fee simple contingent, and that her children would take as purchasers, and not by inheritance. It resembles the case at bar in many particulars, differing chiefly in these ; that there the mother survived the testator, and the equitable estate vested in her, while here the mother died before the testatrix, and took nothing by the devise ; and secondly, that the devise over in *Hubbard* v. *Rawson* was to the " children," and in this case it is to the " heirs at law " of the beneficiary first named. The first seems to be important, because by the death of Mrs. Watts before the testatrix, nothing passed to her which her children could inherit, and they must take the estate devised either by the statute substitution of them in place of their mother as devisees, or as heirs of their grandmother by right of representation. Rev. Sts. *c.* 62, § 24. Gen. Sts. *c.* 91, § 1, *cl.* 1.

But as it appears from the facts agreed that the devise in the will of Mrs. Sedgwick became, by the death of Mrs. Watts, a devise to Alexander Watts, Jr. and Henry S. Watts, of the same estate which they would have taken as heirs of their

grandmother, the authority of *Ellis* v. *Page*, 7 Cush. 161, is decisive to show that such devise was void, and that they must take as heirs of their grandmother by right of representation of their mother. The doctrine of *Ellis* v. *Page* was not adverted to in the opinion in *Hubbard* v. *Rawson*, and it does not distinctly appear whether the facts in the latter case would call for its application.

We are thus brought to the single question whether, if persons take an estate by inheritance from a more remote ancestor by right of representation of a nearer ancestor, they can be regarded as taking it by inheritance from the latter, within the meaning of the sixth clause of Gen. Sts. *c.* 91, § 1. This question, so far as we are aware, has never been decided in this commonwealth.

But we can have no doubt that in such a case the estate does not come by inheritance from the nearer ancestor, within the meaning of the law. The children of Mrs. Watts did not inherit any estate from her, because it never became hers. In determining who were the heirs of their grandmother, the statute made them entitled to take the share which their mother would have taken, if she had lived, as representing her in the line of descent; but the inheritance was directly from the grandmother. The representation of their mother is only to fix the share which they shall inherit.      *Judgment for the plaintiff.*